IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMIE LEE BURNS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2041 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner Sammie Lee Burns, a state inmate proceeding *pro se*, filed this habeas petition challenging the execution of his 1983 sentence. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he was convicted of aggravated sexual assault in 1983 and sentenced to forty-five years imprisonment. He states that he has now served over twenty-three years of that sentence, and is entitled to immediate release under the "mandatory supervised release" statute in effect at the time of his conviction. He complains that prison officials are refusing to release him under the applicable 1983 statute and are, instead, utilizing a post-1983 statute under which he is not entitled to mandatory supervised release. Petitioner reports that the Texas Court of Criminal Appeals rejected these arguments and

denied his application for state habeas relief on May 10, 2010. *Ex parte Burns*, WR 8,163-05 (Tex. Crim. App. 2010).

He seeks immediate release from custody for due process and *ex post facto* violations of his protected liberty interest in early release.

*Analysis*

A.      *Protected Liberty Interest*

In Texas, there are two general ways in which a state inmate may become eligible for early release: through parole and through mandatory supervised release. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Parole is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001. "Mandatory supervision," on the other hand, is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence *not on parole* but under the supervision of the pardons and paroles division." *Id*. (emphasis added). Parole and mandatory supervised release are separate statutory schemes for early release and are governed by separate statutory provisions.

It is well settled that there is no right to or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State. *Madison*, 104 F.3d at 768; *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991). Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time and other

2

credit necessary to be eligible for parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Petitioner incorrectly asserts that the 1983 version of Article 42.12, §§ 15(a) and (b), Texas Code of Criminal Procedure, entitles him to mandatory supervised release after serving twenty years of his sentence. (Docket Entry No. 2, p. 2.) Article 42.12, §§ 15(a) and (b), as they appeared in 1983, provided for early release through parole, not mandatory supervised release, as follows:

> (a) The Board [of Pardons and Paroles] is authorized to release on parole any person confined in any penal or correctional institution who is eligible for parole under Subsection (b) of this Section. The Board may consider a person for release on parole if the person has been sentenced to a term of imprisonment in the Texas Department of Corrections, is confined in a jail in this state, a federal correctional institution, or a jail or a correctional institution in another state, and is eligible for parole under Subsection (b) of this Section. The department shall provide the Board with sentence time credit information on persons described in this Section. The period of parole shall be equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. All paroles shall issue upon order of the Board.
>
> (b) A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less.

*See Ex parte Evans*, 690 S.W.2d 274, 275 (Tex. Crim. App. 1985).

Consequently, Article 42.12, § 15(a) gave rise to no constitutionally protected liberty interest in early release for Texas state inmates. As petitioner states that he was denied early release under this statute, he asserts no cognizable due process or protected liberty interest violation, and no grounds for habeas relief are raised. *See Wallace v. Quarterman*, 516 F.3d 351, 354-55 (5th Cir. 2008).

To any extent that petitioner claims he is entitled to mandatory supervised release under the version of Article 42.12, § 15(c) in effect in 1983, section 15(c) would afford petitioner no relief at this time:

> (c) A prisoner who is not on parole, except a person under sentence of death, *shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced*. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the institution from which he was released but shall be amenable to the orders of the Board.

(Emphasis added.) As petitioner makes no claim that the calendar time he has served plus his accrued good conduct time equals forty-five years, he shows no grounds for federal habeas relief.

B.   *Ex Post Facto Claim*

Nor does petitioner set forth a cognizable *ex post facto* claim. Under the *ex post facto* clause, legislatures "may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). A statute violates the *ex post facto* clause only if it retroactively effects a change in the definition of a petitioner's crime or increases the punishment attached to the crime. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 505 (1995).

According to petitioner, the Texas Board of Pardons and Paroles denied him mandatory supervised release by retroactively applying Section 508.149(a) of the Texas Government Code instead of honoring his right to release under Article 42.12, § 15(a). He states he was harmed by this action because, although he is not eligible for mandatory supervision under Section 508.149(a), he is eligible for, and has a protected liberty interest in, mandatory supervised release under the 1983 version of Article 42.12. As already noted by this Court, the 1983 version of Article 42.12 did not afford petitioner a right to mandatory supervised release after serving twenty years of his sentence. Petitioner limits his claims to arguing that prison officials had no right to deny him mandatory supervised release under Article 42.12, and he makes no argument that he was denied parole under that provision. Accordingly, no *ex post facto* violation is alleged or shown.

*Conclusion*

The petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate for appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on June 14, 2010.

_____
Gray H. Miller
United States District Judge